IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NO. 1:15-cr-212-WSD/AJB |
| WILLIAM CALVIN McCRAY, ) | |
| a/k/a "Skrill Will," ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant William Calvin McCray's motion to strike surplusage from the indictment. [Doc. 14]. Specifically, he seeks to strike the following allegations from the indictment: the reference to an alleged alias, "Skrill Will"; the overview of the conspiracy listed in Count One; and the repeating of this overview in Counts Two and Three. [*Id.* at 2-3]. For the following reasons, the Court **DENIES** the motion.

Federal Rule of Criminal Procedure 7(d) grants the court the authority, upon motion by the defendant, to strike language from an indictment or information that is surplusage. Fed. R. Crim. P. 7(d); *see also United States v. Noveck*, 271 U.S. 201, 203 (1926) (recognizing that an allegation which does not affect the charge and need not be proved may be rejected as mere surplusage) (citation omitted). "A motion to strike

surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard.' " *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990), *superseded by statute on other grounds as recognized in United States v. McQueen*, 86 F.3d 180, 183 (11th Cir. 1996)) (internal marks and citation omitted).  However, "[t]he inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved surely can be prejudicial." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)[1]; *see also United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994) ("Use of Rule 7(d) is appropriate when the allegation is not relevant, or is inflammatory or prejudicial."). Rule 7(d) is strictly construed against striking surplusage. *Awan*, 966 F.2d at 1426.  As such, the Court should only order words stricken from the indictment as surplusage where it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. *Bullock*, 451 F.2d at 888. Additionally, even when prejudice can be shown, the Court should not strike the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

information contained in the indictment if it is relevant to the charged offense. *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990).

In this case, the language that McCray claims is surplusage is neither irrelevant nor inflammatory. First, the allegation concerning McCray's alias is relevant because the Government avers that it was through that alias, in part, that law enforcement identified McCray as a person advertising the victim in this case, identified as A.B., which ultimately led to the apprehension of A.B. on a runaway juvenile warrant and McCray's arrest on a state sex trafficking warrant.

Second, the overview contained in Count One and repeated by incorporation in Counts Two and Three similarly is relevant to the charges in the indictment. Count One charges a conspiracy to commit sex trafficking of a minor. The overview alleges that McCray (1) used a device connected to the internet to post photographs of A.B. in the "Atlanta escorts" section of Backpage.com, a classified advertisement website, for the purpose of soliciting customers to engage in commercial sex acts with A.B., and that the advertisement falsely stated that A.B. was 19 years of age, when in fact she was 16 years old; (2) along with another person used devices connected to the internet to post other escort advertisements on Backpage.com for the purpose of soliciting men to engage in commercial sex acts with adult women; (3) transported A.B.

3

by car to various locations in this District for the purpose of causing A.B. to engage in commercial sex acts, and that he kept A. B.'s earnings from these commercial sex acts; (4) used a cellular telephone to maintain contact with A.B., an unindicted coconspirator, and prostitution customers throughout the time he caused A.B. to engage in commercial sex acts; (5) caused A.B. to become intoxicated while causing her to engage in commercial sex acts; and (6) assaulted A.B. while causing her to engage in commercial sex acts. [Doc. 71 at 2-3]. These allegations, in the nature of overt acts, detail the alleged manner in which McCray conspired with others to commit sex trafficking of a minor, and thus are relevant to the charged offense in Count One and the substantive charges in Counts Two and Three.

    Nor are the allegations inflammatory nor overly prejudicial, over and above the salacious nature of the allegations in general. That is, there is nothing about these allegations that would necessarily be unduly inflammatory or overly prejudicial in a case charging conspiracy to commit sex trafficking of a minor or the substantive crimes of sex trafficking of a minor.

AO 72A
(Rev.8/82)

As a result, the Court **DENIES** the motion to strike surplusage, [Doc. 14].

**IT IS SO ORDERED**, this the 15th day of June 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)