# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

WILLIAM CALVIN McCRAY,
a/k/a "Skrill Will,"

        Defendant.

1:15-cr-212-WSD

## OPINION AND ORDER

This matter is before the Court on the Government's Motion In Limine to Admit Evidence of Defendant's Under-Oath Admissions During Related Contempt Proceeding [106], Motion to Preclude Mistake-of-Age Defense for Count Three [107], Motion to Preclude Evidence of Minor Victim A.B.'s Other Sexual History Pursuant to Fed. R. Evid. 412 [108], Motion to Allow Victim "A.B." to Remain in Courtroom During Trial Pursuant to the Crime Victims' Rights Act [109], and Omnibus Motion In Limine to Exclude Improper Evidence [110]. Defendant William Calvin McCray ("Defendant" or "McCray") responded to each of those motions in a single filing [112].

## I. BACKGROUND

On June 2, 2015, a federal grand jury returned a three-count indictment [1] charging Defendant with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c) (Count One); the substantive offense of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a), (b)(1) and (b)(2) (Count Two); and transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a) (Count Three). On April 28, 2016, the grand jury returned a first superseding indictment against McCray, adding a charge of obstruction in violation of 18 U.S.C. § 1591(d) as a result of prohibited contact between him and his victim between August 2015 and February 2016. On December 13, 2016, the grand jury returned a second superseding indictment against McCray, charging him in Count Four with obstruction of Section 1591(d) as a result of contact between him and his victim from August 2015 through September 2015, and in Count Five with obstruction of Section 1591(d) as a result of contact with his victim in February 2016.

The Court considers the Government's motions and sets out below certain additional background information related to the motions.

## II. DISCUSSION

### A. Defendant's Under-Oath Admissions During Related Contempt Proceeding

On September 22, 2016, the Court held an evidentiary hearing to determine whether Defendant violated the Court's September 21, 2015, Order barring Defendant from "contact, direct or indirect, with any witness or victim in this case." During the hearing, Defendant expressed his intention to plead guilty to contempt. ([68] at 6-7). The Court placed Defendant under oath and conducted a plea colloquy per Rule 11 to confirm that the plea was being entered knowingly, voluntarily, and intelligently. (Id. at 6-25). Counsel for the government reviewed the factual basis for Defendant's contempt plea, as follows:

> If this case went to trial, Your Honor, the evidence would show as follows: On February 12th, 2016, while the defendant, William McCray, was detained at the R. A. Deyton detention facility pending trial on the underlying case, Number 1:15-CR-212, the defendant used another detainee's personal identification number. He called his grandmother using that other inmate's personal identification number and then his grandmother, through a three-way calling feature, called the victim in this case identified as A.B. in the indictment, and in so doing Mr. McCray violated the Court's order of September 21st, 2015, which prohibited Mr. McCray from contacting victims or witnesses in this case and also using three-way calling features from the detention facility. During the phone call Mr. McCray and A.B. had a conversation, including a conversation that related to the underlying criminal case in this matter. That's what the Government's evidence would show.

([68] at 19-20). Defendant admitted the offense as described. (Id. at 20, 24-25). The Court accepted the plea and sentenced Defendant to six months of incarceration. (Id. at 25, 30-31).

The Government seeks to admit in its case-in-chief a certified transcript of Defendant's under-oath admission during this guilty plea colloquy as evidence supporting Count Five of the Second Superseding Indictment (Obstruction of Enforcement of 18 U.S.C. § 1591). Defendant "objects to the admission of statements made to the magistrate court during a plea colloquy for a contempt of court proceeding," but does not state a basis for the objection. ([112] at 1).

The Court finds Defendant's statements made during the guilty plea colloquy relevant and admissible. The under-oath statements are relevant to establishing that Defendant called the victim on February 12, 2016, to talk about his case. The under-oath statements are admissible under Federal Rule of Evidence 801(d)(2)(A), which provides that a statement of a party opponent is not hearsay. See, e.g., United States v. Ricketts, 317 F.3d 540, 544 (6th Cir. 2003) ("Several out-of-court statements made by McKinney were made under oath and hence could be used as substantive evidence. Fed. R. Evid. 801(d)(1)(A)" including "McKinney's sworn statements at his guilty plea hearing…."). The Court grants the Government's Motion [106].

B. <u>Mistake-of-Age Defense for Count Three</u>

On September 11, 2017, the Government moved in limine to preclude Defendant from arguing or introducing evidence of what he believed to be the age of the minor sex-trafficking victim as a defense to Count Three of the Second Superseding Indictment. ([107]). Defendant "objects to the government's motion to preclude him from pursuing a line of defense which involves the victim's purported age," but does not state a basis for the objection. ([112] at 2).

Count Three of the Second Superseding Indictment [71] charges that the Defendant knowingly transported A.B. in interstate commerce with the intent that she engage in prostitution, in violation of 18 U.S.C. § 2423(a). Section 2423(a) provides in relevant part that a "person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce…with intent that the individual engage in prostitution…" is guilty of violating the statute. 18 U.S.C. § 2423(a). "Proof that the defendant knew the victim was under the age of eighteen is not required. <u>United States v. Daniels</u>, 685 F.3d 1237, 1250 (11th Cir. 2012). Defendant's belief regarding the age of the victim is not relevant to Count Three because it would not have a tendency to make more or less probable the existence of any fact that is of consequence to Count Three. <u>See</u> Fed. R. Evid.

401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The Court grants the Government's Motion [107].

   C.   Evidence of Minor Victim A.B.'s Other Sexual History

On September 11, 2017, the Government moved in limine to preclude Defendant from introducing or attempting to elicit evidence concerning the sexual behavior or history of the child victim in this case, "A.B.," that occurred prior to or following the child sex trafficking conduct alleged in the Second Superseding Indictment. ([108]). The Government argues that evidence of the minor victim's other sexual history is irrelevant under Rule 401 and barred by Rule 412. The Government also argues that even if the minor victim's other sexual history is admissible, the evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice to the victim, and by the risk that the evidence would mislead the jury. Defendant "objects to the government attempting to limit any defense or impeachment tactic that involves the purported victim's past history of prostitution," but does not state a basis for the objection. ([112] at 2).

Rule 412 of the Federal Rules of Evidence acts as a general bar to the admission of an alleged victim's past sexual behavior. Rule 412(a) provides that in a "criminal proceeding involving alleged sexual misconduct," "[e]vidence offered

to prove that any alleged victim engaged in other sexual behavior" is inadmissible. In a criminal case, evidence of a victim's sexual behavior is only admissible for three reasons: (1) to prove that a person other than the accused was the source of semen, injury or other physical evidence; (2) to show that the victim consented to sexual activity with the accused; and (3) to avoid a violation of the defendant's constitutional rights. Fed. R. Evid. 412(b)(1).

Defendant does not contend that the first two of these reasons apply and it does not appear from the record that those exceptions are relevant to this case. Defendant's general objection could be construed as contending that the third reason supports the introduction of evidence of the minor victim's past prostitution. Under the third reason, "evidence of a victim's prior sexual history is admissible when the exclusion of such evidence 'would violate the constitutional rights of the defendant.'" United States v. Culver, 598 F.3d 740, 749 (11th Cir. 2010) (citing Fed. R. Evid. 412(b)(1)(C)). "'In determining the admissibility of a victim's other sexual behavior under Rule 412(b)(1)(C), we start with the premise that defendant has a constitutional right under the Fifth and Sixth Amendments to introduce evidence in their defense.'" Id.; see also United States v. Pumpkin Seed, 572 F.3d 552, 559 (8th Cir. 2009). This exception to Rule 412 is narrow. Id.

The Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Confrontation Clause guarantees every defendant the right to test the credibility of witnesses through cross-examination. See Davis v. Alaska, 415 U.S. 308, 315-16 (1974). This right is not unlimited. The Court has discretion to limit the cross-examination of a witness based on concerns about harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). "Limitations on a defendant's constitutional right to present evidence are permissible unless they are 'arbitrary or disproportionate to the purposes they are designed to serve." Culver, 598 F.3d at 749 (citing Michigan v. Lucas, 500 U.S. 145, 151 (1991)).

Evidence of a victim's sexual activities, before and after the alleged criminal conduct, has been uniformly excluded by our and other federal circuits which have addressed whether sexual history evidence is prohibited by Rule 412. Culver, 598 F.3d at 749-50 (finding that district court's exclusion of evidence of minor victim's prior sexual history "was not arbitrary or disproportionate to the purposes Rule 412 was designed to serve."); United States v. Valenzuela, 495 F. App'x 817, 819-20 (9th Cir. 2012); United States v. Cephus, 684 F.3d 703, 708 (7th Cir.

2012); United States v. Elbert, 561 F.3d 771, 776-78 (8th Cir. 2009).

The Court finds that the impeachment evidence Defendant seeks to introduce regarding the victim's prostitution activities is irrelevant under Rule 401. That the minor victim may have prostituted herself on occasions other than those alleged in the indictment does not bear on whether the Defendant used force or threatened to use force against the victim to engage in the commercial sex acts alleged in this case. See Cephus, 684 F.3d at 708 (affirming the trial court's decision to exclude evidence of other instances of prostitution because "the fact that she'd been a prostitute before does not suggest that the defendant did not beat or threaten her" to engage in commercial sex acts alleged in the indictment).

The Court also concludes that the impeachment value, if any, of the victim's prior acts of prostitution is "substantially outweighed by the danger of unfair prejudice" under Rule 403. The introduction of the victim's history of prostitution may lead the jury to question the victim's morals and discredit her testimony, generally and unwarrantedly, because she had engaged in other alleged prostitution activities that were not forced or the result of a threat. See Elbert, 561 F.3d at 777-78 (concluding that evidence of other acts of prostitution in a sex trafficking case is inadmissible under Rule 403 regardless of whether the evidence has impeachment value); accord Shamsud-Din, 2011 WL 5118850, at *5. Here, the Court concludes

9

that evidence of other alleged acts of prostitution that were not the result of force or the threat of force is not probative of any issue in this case and even if it was, the prejudicial effect of such evidence, and the substantial risk that the evidence may mislead the jury, outweighs any probative value of the evidence.

The Court grants the Government's Motion [108].[1]

D.   Victims Presence in Courtroom During Trial

On September 11, 2017, the Government moved in limine to allow victim "A.B" to remain in the courtroom during trial pursuant to the Crime Victims' Rights Act. ([109]). The Government argues that a crime victim such as A.B. has a statutory right to attend trial even if she is to testify at that trial. The Government seeks an advance ruling from the Court that A.B. shall be permitted to remain in the courtroom throughout the entire trial and related proceedings, i.e., during the pretrial conference, preliminary instructions to the jury, opening statements, the government's case-in-chief, any defense case, closing arguments, jury charge, and verdict. ([108] at 1-2). Defendant "objects to the purported victim being allowed to remain in the courtroom during trial." ([112] at 2). The Defendant contends

---

[1] The Defendant may file a motion in accordance with Fed. R. Evid. 412(c) 14 days before trial specifically describing the evidence of past sexual history sought to be admitted and stating the purpose for which it is to be offered

that AB could observe the proceeding remotely by video feed and that "[t]his alternative eliminates the prejudicial effect of her presence and the government's blatant attempt to interject the improper factor of sympathy." (Id.).

The Crime Victims' Rights Act provides that the victim of a crime has "[t]he right not to be excluded from any . . . public court proceeding." 18 U.S.C. § 3771(a)(3). "The Act, though, authorizes the court to exclude a victim-witness if it finds by clear and convincing evidence that the witness's testimony 'would be materially altered if the victim heard other testimony at that proceeding.'" United States v. Edwards, 526 F.3d 747, 757-58 (11th Cir. 2008) (citing 18 U.S.C. § 3771(a)(3)).

Here, Defendant makes no argument that A.B.'s testimony would be materially altered if she heard other testimony at trial. The Government argues that it is not likely that A.B.'s testimony would be materially altered because: (1) A.B. is the only victim in this case and thus she will not be influenced by the testimony of any other victims; (2) she has been interviewed by law enforcement previously, including twice on video, and thus any alterations to her testimony would be subject to impeachment with her prior *Jencks* statements; and (3) virtually all of A.B.'s testimony will be corroborated by other reliable evidence.

11

The Court finds that there is not clear and convincing evidence that A.B.'s testimony would be materially altered if she heard other testimony at trial.

Defendant asserts that allowing A.B. to attend trial would be prejudicial and improperly interject sympathy into the trial. But those arguments are not unique to this Defendant, they do not provide a basis to usurp the Crime Victims' Rights Act, and "[a] criminal defendant has no constitutional right to exclude witnesses from the courtroom." Edwards, 526 F.3d at 758 (citing Mathis v. Wainwright, 351 F.2d 489, 489 (5th Cir.1965)). Defendant's suggestion that A.B. watch the proceedings by video feed would deny A.B.'s statutory right not to be excluded from the courtroom absence a showing that her testimony would be materially altered by her presence.

The Court grants the Government's Motion [109]. A.B. shall be permitted to remain in the courtroom, but seated only in the second row of the gallery, during the trial as allowed by the Crime Victims' Rights Act, 18 U.S.C. § 3771.

    E.    <u>Exclusion of Improper Evidence</u>

On September 11, 2017, the Government filed an omnibus motion in limine to exclude improper evidence. ([110]). In particular, the Government moves to preclude Defendant from introducing evidence and/or argument: (1) that is designed to support a jury nullification defense; (2) regarding the defendant's good

character and/or specific instances of good conduct; (3) that employs the use of agents' investigative reports to impeach lay witnesses; and (4) regarding the potential criminal penalties Defendant faces upon conviction. ([110] at 1). The Government does not identify any specific evidence it seeks to preclude. Defendant asserts that the Government's motion "is undeserving of comment as it seeks to preclude things the government has no good faith basis to believe undersigned counsel would attempt." ([112] at 2). Defendant argues that "the government's assertion that witnesses may not be impeached with investigative reports is misplaced" and contends that reports indicating what a witness said can be used to impeach a witness's testimony. (Id. at 2-3).

With regard to items (1), (2), and (4), the Government's motion is denied as moot, without prejudice to the Government moving to exclude such evidence at trial should it have a good-faith basis to do so.

With regard to item (3), the Government "moves to preclude the Defendant (a) from cross-examining or seeking to impeach witnesses, including the child victim, A.B., with non-verbatim reports that have not been signed or adopted by the witness; and (b) from quoting, publishing, or suggesting to the jury that the contents of an investigative report is a statement of the witness." ([110] at 9). "Generally, investigative reports, such as GBI Investigative Summaries or FBI

reports ("302s") are not considered statements of the interviewed individuals." United States v. Cochran, No. 4:14-CR-22-01-HLM, 2014 WL 12695800, at *5 (N.D. Ga. Nov. 17, 2014) (citing United States v. Jordan, 316 F.3d 1215, 1252 (11th Cir. 2003). "[A]n interviewer's raw notes, and anything prepared from those notes (such as an FBI 302), are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness." Jordan, 316 F.3d at 1252. "[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." United States v. Saget, 991 F.2d 702, 710 (11th Cir. 1993); United States v. Rizza, No. 2:14-Cr-00002-SPC-DNF, 2014 WL 3747624, at * (M.D. Fla. July 29, 2014) (precluding defendants from using 302s "to impeach a witness on cross examination, publishing to the jury, or suggesting to the jury that such summaries are witness statements").

The Court grants in part and denies in part the portion of the Government's Motion regarding impeachment using investigative reports. Defendant's counsel may not use an investigative report that has not been signed or adopted by the witness as extrinsic evidence of a prior inconsistent statement to impeach a witness. Defendant's counsel shall not quote, publish, or suggest to the jury that

14

the content of an investigative report is a statement of the witness unless it has been signed or adopted by the witness. "The Court, however, will permit Defendant's counsel to ask witnesses if they had prior interviews with law enforcement on a given date, and, if necessary, to ask the witness about the substance of any statements given." Cochran, 2014 WL 12695800, at *5.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Government's Motion In Limine to Admit Evidence of Defendant's Under-Oath Admissions During Related Contempt Proceeding [106] is **GRANTED**.

**IT IS FURTHER ORDERED** that Government's Motion to Preclude Mistake-of-Age Defense for Count Three [107] is **GRANTED**.

**IT IS FURTHER ORDERED** that Government's Motion to Preclude Evidence of Minor Victim A.B.'s Other Sexual History Pursuant to Fed. R. Evid. 412 [108] is **GRANTED** subject to Defendant filing a motion in accordance with Fed. R. Evid. 412(c) 14 days before trial specifically describing the evidence of past sexual history sought to be admitted and stating the purpose for which it is to be offered.

**IT IS FURTHER ORDERED** that Government's Motion to Allow Victim "A.B." to Remain in Courtroom During Trial Pursuant to the Crime Victims' Rights Act [109] is **GRANTED**.

**IT IS FURTHER ORDERED** that Government's Omnibus Motion In Limine to Exclude Improper Evidence [110] is **DENIED AS MOOT** with respect to items (1), (2), and (4), without prejudice to the Government moving to exclude at trial any of the categories of evidence in its motion should it have a good-faith basis to do so, and **GRANTED** with respect to item (3), the use of investigative reports prepared by third parties for impeaching statements of the witness.

**SO ORDERED** this 19th day of December, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE