IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM CALVIN MCCRAY,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:15-cr-212-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's report and recommendation (the "R&R") [207], which recommends that Defendant William Calvin McCray be found competent to stand trial with accommodations. McCray has filed objections [209].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

After holding a competency hearing and carefully considering the expert opinions of Drs. Szyhowski and Flores, the magistrate judge concluded that McCray is competent to stand trial with certain accommodations. McCray objects to both the finding that he is competent to stand trial and the recommended accommodations.

Having conducted a careful and complete review of the R&R, including a de novo review of those portions of the R&R to which McCray objects, the Court agrees with the magistrate judge that McCray has a rational and factual understanding of the proceedings against him but that reasonable accommodations need to be provided

before and during trial to improve his ability to assist in his defense. Accordingly, the Court overrules McCray's objections [209] and adopts as its Order the R&R [207]. The Court finds McCray competent to stand trial. Should this case proceed to trial, McCray will be afforded the accommodations set forth in the R&R.

    IT IS SO ORDERED this 14th day of October, 2021.

_____
Timothy C. Batten, Sr.
Chief United States District Judge